No. 523

TUCKER, et. v. WASCHAK, et.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1490. Decided Feb. 23, 1927.

923. PLEADINGS—1.—Where a petition, in a suit to recover money, does not state an amount due, it is demurrable.

2. An accounting will not be decreed by a court of equity upon a mere abstract right. There must be a clear showing of a substantial right. In the absence of a distinct averment showing the amount due or some substantial or beneficial right, there can be no action.

First Publication of this Opinion

BY THE COURT

The plaintiffs below, who are the plaintiffs herein, brought an action against defendants herein claiming that the Waschaks entered into a written contract with plaintiff, Tucker, for the construction of a house upon certain lots owned by Waschak. Waschak deposited a certain amount of cash and the proceeds of a mortgage to The Union Building and Savings Co. to provide for payments upon the construction contract. Tucker later assigned a portion of the money due on said contract to Hoffman. The petition avers that on or about July 9, 1924, Tucker entered upon the performance of said contract and continued until about the 4th of August, 1924, when the defendant Waschak discharged him, the said Tucker, and refused to permit him to further

continue, and proceeded to finish the construction himself. The plaintiff avers that in completing the building the defendants, the Waschaks, used more expensive material than the original contract called for and spent more money than was called for in said contract and that the defendants have refused and continue to refuse to pay plaintiffs the amount due them thereunder or to make an accounting thereof. The trial court sustained a demurrer and final judgment was rendered against the plaintiffs.

There is no statement in the petition showing the amount due to the plaintiffs. This would be necessary to maintain an action at law or to demand an accounting. An accounting will not be decreed upon a mere abstract right. There must be a clear showing of a substantial right.

We are of the opinion that the demurrer was properly sustained.

Judgment affirmed.

(Ferneding, Kunkle and Allread, JJ., concur).

Attorneys—F. F. D. Allberry, for Tucker, et; Hedges, Hoover & Tingley for Waschak, et; Kenyon S. Campbell for The Union Building & Sav. Co.; all of Columbus.

---

No. 524

WEBER v. LONGENBACH

Ohio Appeals, 6th Dist., Sandusky Co.

No. 183. Decided May 13, 1927.

465. ERROR—Evidence—Exclusion of testimony as to statment made by deceased releasing defendant from liability, such statement being an admission against interest, is prejudicial error.

First Publication of this Opinion

RICHARDS, J.

S. H. Longenbach, as executor of the will of Magdalena Weber, brought an action against F. L. Weber in the Sandusky Common Pleas to recover rent. Trial resulted in favor of the executor for $419.64.

The answer of Weber set forth that he had settled with decedent during her lifetime and had been discharged from liability. Evidence was introduced at trial, that Mrs. Weber, the lessor, had stated in the presence of a witness that she had settled the claim with Frank, the tenant, and that he did not owe her anything, such conversation having taken place after the rent was due. The trial judge withdrew this testimony from consideration of the jury. Error was prosecuted and the Court of Appeals held:

1. In withdrawing this testimony, the court erred for statement was an admission against interest and its weight was for the jury.

2. The defendant, Weber, was not permitted to testify to the conversation for the reason that the plaintiff was the executor of the deceased person, and it was therefore all the more important that the court should not exclude from the jury, testimony of competent witnesses to admissions against interest.

3. This being prejudicial error, the judgment is reversed and cause remanded.

(Williams and Lloyd, JJ., concur).

Attorneys—Stahl, Stahl and Stahl, Toledo, for Weber; Harry Garn, Fremont, for Longenbach.